**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>D.S.C. OF NEWARK ENTERPRISES, INC., AND FRICTION DIVISION PRODUCTS, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 09-2270 (MLC)<br><br>**O P I N I O N** |
| D.S.C. OF NEWARK ENTERPRISES, INC.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>CHAMPION INTERNATIONAL CORPORATION (SUCCESSOR TO ST. REGIS PAPER COMPANY), MORTON INTERNATIONAL, INC. (SUCCESSOR TO THIOKOL CHEMICAL COMPANY), DOW CHEMICAL COMPANY, DYNAMIC AUTOMOTIVE DISTRIBUTORS, INC., MONTROSE MANUFACTURING COMPANY, AND WILLIAM CARNEY,<br><br>    Third-Party Defendants. | |

**THE COURT** writes exclusively for the parties, who are familiar with the underlying facts and procedural history of the action. Therefore, only relevant facts will be sparingly recited here.

**THE DEFENDANT** and third-party plaintiff brought a third-party complaint against, <u>inter alia</u>, third-party defendants Montrose Manufacturing Company and William Carney. (<u>See</u> dkt. entry no. 24, Am. Third Party Compl. at 22 ("the Amended Complaint").) Montrose Manufacturing Company did not respond to the Amended Complaint. William Carney answered and admitted "that Montrose Manufacturing, Inc. had a financial relationship with [Friction Division Products, Inc.] at one time. Montrose is now defunct, and has been for a number of years." (Dkt. entry no. 28, William Carney Ans. at ¶ 32.) Fact discovery ended on February 2, 2010, with no further response or action from or against Montrose Manufacturing Company or William Carney. (<u>See</u> dkt. entry no. 7, Scheduling Order at 1.)

**IT APPEARS** from the Court's <u>sua sponte</u> review of the docket that the action has been pending, insofar as it was brought against both Montrose Manufacturing Company and William Carney, for more than 120 days without the third-party plaintiff having prosecuted the action. Montrose Manufacturing Company and William Carney are the only remaining third-party defendants. Moreover, the third-party plaintiff has not explained this lack of prosecution through the other, more recently filed documents appearing on the docket.

**THE COURT** will thus dismiss the Amended Complaint as it was asserted against Montrose Manufacturing Company and William Carney unless the third-party plaintiff shows good cause with the filing

2

of an affidavit.  See L.Civ.R. 41.1(a); see also Fed.R.Civ.P. 41(b) (stating complaint may be dismissed for failure to prosecute).  The Court is authorized to impose harsh penalties when enforcing the Local Civil Rules.  See Kabacinski v. Bostrom Seating, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004); United States v. Eleven Vehicles, 200 F.3d 203, 214 (3d Cir. 2000); Rosenblatt v. City of New Brunswick, No. 08-6311, 2009 U.S. Dist. LEXIS 79471, at *2 (D.N.J. Sept. 3, 2009).  Accordingly, the Court will dismiss the Amended Complaint insofar as it is asserted against Montrose Manufacturing Company and William Carney on June 26, 2013, unless before that date the third-party plaintiff shows that there has been activity in the action insofar as it has been brought against Montrose Manufacturing Company and William Carney.  For good cause appearing, the Court will issue an appropriate order.

                                             s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge

Dated:  June 12, 2013